**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KATHERINE LAVINE,

Plaintiff,

v. Civ. No. 26-2626 GBW/JMR

MEOW WOLF, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand. *Doc. 6*. Having reviewed the briefing and relevant law, the Court will grant the motion for the reasons explained below.

## I. Background

Plaintiff filed this action for personal injury in the First Judicial District Court on July 1, 2026. *Doc. 1-1*. She alleges that Defendant negligently maintained their premises and she was injured when she fell down two stairs inside a Meow Wolf exhibit. *Id*. at ¶¶ 5–10. Defendant removed the action to federal court on August 10, 2026, based on diversity jurisdiction. *Doc. 1*. The complaint alleges that Plaintiff is a resident of Oregon. *Doc. 1-1* at ¶ 1. The notice of removal alleges that Defendant is a foreign corporation incorporated in Delaware with its principal place of business in Las Vegas, Nevada. *Doc. 1* at ¶ 4.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Relevant to the present case, a federal district court has subject matter jurisdiction over an action if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "The burden of persuasion for establishing diversity jurisdiction [is] on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citations omitted).

A removed action may be remanded for lack of subject matter jurisdiction or for "any defect" in removal. 28 U.S.C. § 1447(c); *City of Albuquerque v. Soto Enters.*, 864 F.3d 1089, 1092 (10th Cir. 2017). "Any defect," within the meaning of § 1447(c), includes:

> (1) noncompliance with the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state.

*Soto Enters.*, 864 F.3d at 1095 (citations omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

## III. ANALYSIS

Plaintiff moves for remand on the basis that removal (1) was untimely under 28 U.S.C. § 1446(b)(1) and (2) violated the forum defendant rule. *Doc. 6*. Because the Court finds remand is warranted on the second basis, it does not reach the timeliness question.

A. <u>Forum Defendant Rule</u>

Even when the requirements of § 1332(a) are met, § 1441(b) "forbids removal when a defendant is a citizen of the forum state." *Soto Enters.*, 864 F.3d at 1095; *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This provision, known as the forum defendant rule, "reflects the view that the purpose of removal under diversity jurisdiction is to protect defendants who fear parochial bias in state courts, so local defendants have no legitimate need to remove cases to federal court." *Woods v. Ross Dress for Less, Inc.*, 985 F.3d 775, 779 (10th Cir. 2021).

Plaintiff argues that despite its allegations to the contrary, Defendant is a citizen of New Mexico and therefore lacks the ability to remove this action from New Mexico state court. *Doc. 6* at 4–10. For purposes of diversity jurisdiction, a corporation is a citizen of every state in which it has been incorporated[1] and "the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," sometimes referred to as the corporation's "nerve center." *Hertz*, 559 U.S. at 92–93.

---

[1] Defendant submitted evidence showing that it is incorporated in the state of Delaware. *See doc. 1-3*. Plaintiff does not challenge this evidence or argue that Defendant is incorporated elsewhere. As described herein, only Defendant's principal place of business is at issue.

Although the notice of removal alleges that Defendant's principal place of business is Las Vegas, Nevada, *see doc. 1* at ¶ 4, Plaintiff argues there is "substantial evidence in the public record demonstrating that Meow Wolf . . . considers its principal place of business to be Santa Fe, New Mexico." *Doc. 6* at 6. Plaintiff cites and attaches filings from three prior cases in this Court, *see doc. 6-1* at 8, 14, 24; filings in other federal district courts, *see id*. at 22, 28; filings with federal agencies, *see id*. at 31, 32; Defendant's own website, *see id*. at 33; and various state regulatory filings that identify Defendant's principal place of business as Santa Fe, New Mexico, *see id*. at 40, 43. The attached evidence shows that on numerous occasions in the last several years, Defendant has identified its principal place of business as Santa Fe, New Mexico. Perhaps most compellingly, in a notice of removal docketed in this Court on April 24, 2026—approximately two months before the present complaint was filed—Defendant alleged that its principal place of business was "1352 Rufina Circle, Santa Fe, NM" and that it was "a citizen of New Mexico and Delaware."[2] *Kinney v. Meow Wolf, Inc.*, Civ. No. 26-1283 LF/JMR, 2026 U.S. Dist. LEXIS 196050, at *1 (D.N.M. Aug. 31, 2026).

---

[2] Defendant argued in *Kinney* that the jurisdictional statement in its notice of removal "was based on information available at the time and was not intended as a binding concession for purposes of the *forum defendant rule*." 2026 U.S. Dist. LEXIS 196050, at *7 (emphasis in original). The court did not credit this argument and remanded the case. *See id*. As discussed herein, it is possible that Defendant's principal place of business has recently changed, or that Defendant was mistaken about the location of its principal place of business at the time of removal. But it was Defendant's burden to explain that change or mistake and to provide evidence of the new, current principal place of business.

Defendant argues that it was not required to attach jurisdictional evidence to the notice of removal; that the documents identified by Plaintiff do not "answer the federal nerve-center inquiry"; that filings and pleadings from 2019–2025 cannot establish its principal place of business as of July 1, 2026, when Plaintiff filed the complaint; and that "competent evidence establishes the location of Meow Wolf's high-level corporate direction and coordination as of July 1, 2026,"[3] in Las Vegas, Nevada. *Doc. 12* at 6, 8–9. In the alternative, if the Court is not satisfied that Defendant's principal place of business is in Nevada, Defendant requests "limited jurisdictional discovery and, if necessary, an evidentiary hearing." *Id*. at 8.

The Court finds Defendant has not carried its burden to demonstrate that removal was appropriate. At the very least, the evidence submitted by Plaintiff casts considerable doubt on Defendant's allegation that its principal place of business is Las Vegas, Nevada. While it is conceivable that Defendant's principal place of business changed between April 24, 2026, when it pled before this Court that it was a citizen of New Mexico, and July 1, 2026, when Plaintiff filed her complaint, Defendant submits no affidavit or other evidence to that effect. "Ordinarily when a plaintiff challenges a

[3] It is unclear what "competent evidence" Defendant intended to cite. There are references throughout the response brief to evidence submitted to the Court. *See*, *e.g.*, *doc. 12* at 3 ("Once Plaintiff challenged Meow Wolf's jurisdictional allegations, Meow Wolf appropriately submitted competent evidence establishing the relevant jurisdictional facts."), 6 ("Meow Wolf therefore submits the competent evidence necessary to establish the jurisdictional fact."), 7 ("The competent evidence submitted with this Response establishes that, as of the commencement of this action, Meow Wolf's high-level corporate officers directed, controlled, and coordinated the corporation's activities from Las Vegas, Nevada."). However, no evidence was attached to the response brief or contemporaneously submitted to the Court.

jurisdictional fact, the defendant submits an affidavit to carry its burden to show that removal is appropriate." *Bernhard v. Meow Wolf, Inc.*, 2022 U.S. Dist. LEXIS 7229, at *8 (N.M.D. Jan. 12, 2022); *see also Hertz*, 559 U.S. at 96–97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." (citations omitted)).[4] Here, as in two prior cases before this Court, Defendant has failed to produce a single piece of evidence relating to its principal place of business. *See Kinney*, 2026 U.S. Dist. LEXIS 196050, at *8 ("Defendant does not offer *any* evidence to rebut Plaintiff's challenge and show that its principal place of business is located anywhere other than New Mexico." (emphasis in original)); *Bernhard*, 2022 U.S. Dist. LEXIS 7229, at *8 ("Meow Wolf fails to submit an affidavit or other competent proof to establish that its nerve center is located in Delaware, or anywhere, for that matter."). The exhibit attached to the notice of removal shows that Defendant is incorporated in Delaware, *see doc. 1-3*, but confers no information about Defendant's principal place of business. Conversely, Plaintiff has submitted abundant evidence to suggest that Defendant is a citizen of New Mexico. Therefore, under the guiding principle that "all

[4] The Court recognizes that the forum defendant rule is nonjurisdictional. *See McAnulty v. Std. Ins. Co.*, 81 F.4th 1091, 1094 n.3 (10th Cir. 2023) ("[V]iolation of the forum-defendant rule is a nonjurisdictional defect in removal that is waived if not raised in a motion to remand made within 30 days after the filing of the notice of removal." (quoting *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020))). However, Defendant's citizenship is nevertheless a jurisdictional fact. Moreover, given the doubt cast by Plaintiff's evidence and the uncertainty resulting from Defendant's failure to produce any competing evidence, the Court cannot accurately or conclusively determine for the purpose of § 1332(a) whether complete diversity exists.

doubts are to be resolved against removal," *Fajen*, 683 F.2d at 333, the action must be remanded.

Defendant argues that if the "competing evidence" creates a factual dispute, the Court should permit limited jurisdictional discovery and, if necessary, an evidentiary hearing. *Doc. 12* at 8. The Court finds neither suggestion is warranted. There is no "competing evidence" before the Court that identifies Defendant's principal place of business as Las Vegas, Nevada, and the purpose of additional investigation is unclear. Defendant is presumably in possession of all information relevant to establishing its principal place of business and is therefore unlikely to obtain material information from Plaintiff in discovery. Likewise, Defendant does not explain what evidence it would present at hearing that it could not have presented with the response brief. The Court will therefore order remand without further litigation.

B. <u>Attorney Fees and Costs</u>

Plaintiff requests an award of attorney fees and costs incurred in briefing her motion. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has discretion to award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quoting *Porter Trust v. Rural Sewer Water & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010)).

The Court will grant Plaintiff's request for fees and costs. Given the complete lack of evidence produced by Defendant to support its position, the Court cannot find that Defendant had an objectively reasonable basis for seeking removal. Moreover, Defendant's conduct in removing this case without adequate legal or evidentiary basis appears to be part of a broader pattern. Two cases have already been remanded for Defendant's failure to produce competent evidence that it is not a citizen of New Mexico and, therefore, that removal did not violate the forum defendant rule. *See Kinney*, 2026 U.S. Dist. LEXIS 196050, at *8; *Bernhard*, 2022 U.S. Dist. LEXIS 7229, at *8. Additionally, there has been a striking inconsistency in Defendant's jurisdictional allegations before this Court. Defendant pled in 2022 that its principal place of business was in Delaware, *Bernhard*, 2022 U.S. LEXIS 7229, at *2; on April 24, 2026, that its principal place of business was in Santa Fe, New Mexico, *Kinney*, 2026 U.S. Dist. LEXIS 196050, at *1; and on August 10, 2026, that its principal place of business was in Las Vegas, Nevada, *doc. 1* at ¶ 4. Defendant has failed to explain this inconsistency, or its pattern of removing cases without evidence of its challenged jurisdictional allegations, in any reasonable manner. The Court therefore finds that a fee award is warranted under § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (*doc. 6*) is GRANTED and this action is REMANDED to the First Judicial District Court.

It is further ORDERED that Defendant shall be required to pay Plaintiff's reasonable expenses, including attorney fees, in bringing this Motion. Within **seven (7)** days of the filing of this Order, Plaintiff shall submit an affidavit detailing the reasonable attorney fees and costs expended in briefing this Motion. Defendant's objections to the amounts claimed, if any, shall be filed within **seven (7)** days of the filing of the affidavit.[5]

**IT IS SO ORDERED.**



GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[5] While the Court lacks jurisdiction over the remanded claims, it "retain[s] jurisdiction over the collateral issue of an appropriate attorney fee award." *Bernhard*, 2022 U.S. Dist. LEXIS 7229, at *11 n.4; *see C & M Props., L.L.C. v. Burbidge*, 563 F.3d 1156, 1162 n.2 (10th Cir. 2009) (explaining that the district court "may . . . after remand, proceed to the merits of a separate and independent legal proceeding involving the award of attorney's fees or sanctions for the improper removal of the claim").